NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

_____
:
ANTHONY PIETOSO,                       :
                                       :
            Petitioner,                :
                                       :     Civil Action No. 07-5268 (JAG)
            v.                         :
                                       :         OPINION
UNITED STATES OF AMERICA,              :
                                       :
            Respondent.                :
_____:

**GREENAWAY, JR., U.S.D.J.**

      This matter comes before this Court on petitioner Anthony Pietoso's ("Petitioner"), motion seeking to vacate, set aside, or correct the sentence imposed on him, pursuant to 28 U.S.C. § 2255. Petitioner asserts that his attorney provided ineffective assistance of counsel in violation of the Sixth Amendment. For the reasons set forth below, this motion will be denied.

**I. Facts**

      On October 31, 2006, having pled guilty to two counts of conspiracy to buy, receive, and possess stolen goods, Petitioner was sentenced to 27 months imprisonment for each count, with the sentences to run concurrently. (J. in Criminal Case, attached as Ex. A to Resp't's Br.[1] [hereinafter "Resp't Ex. A"].) As a condition of Petitioner's plea agreement, Petitioner stipulated

---

[1] Respondent submitted a letter brief in lieu of a more formal submission. The letter brief will be cited as Respondent's Brief.

to selling over $6,000,000 worth of stolen pharmaceuticals.  (Plea Agreement, attached as Ex. C to Resp't's Br. [hereinafter "Resp't Ex. C"] 3.)   Petitioner also agreed to "waive certain rights of appeal, collateral attack, writ or motion after sentencing," including, specifically, a "motion under 28 U.S.C. § 2255."  (Id. at 3-4.)  Soon after Petitioner began serving his sentence, he wrote letters to this Court and to the U.S. Attorney's office requesting a recommendation to the Bureau of Prisons that he be allowed to serve the balance of his sentence in home confinement.  (Resp't's Br. 2.)  This Court informed Petitioner that it lacked the authority to make such a recommendation in a letter to Petitioner, dated September 6, 2007.  (Letter from Honorable Joseph A. Greenaway, Jr. to Anthony Pietoso, dated September 6, 2007, attached as Ex. A to Pet'r's Mot. [hereinafter "Pet'r Ex. A"].)

Petitioner cites as a ground for the current § 2255 motion ineffective assistance of counsel.  (Pet'r's Mot. 5.)  Petitioner alleges that his attorney, Anthony J. Riposta, failed to address certain medical issues and drug and alcohol addictions, with this Court, prior to sentencing, which Petitioner alleges would have beneficially affected the length of his sentence.  (Pet'r Aff. ¶¶ 5-7.)  Petitioner further alleges that Mr. Riposta did not respond to his letters regarding restitution provisions in his sentence and Petitioner's desire to appeal his sentence, dating back to March 2007.  (Id. ¶ 8; Letter from Anthony Pietoso to Anthony Riposta (March 12, 2007) attached as Ex. B to Pet'r's Mot.)

Petitioner also cites his attorney's failure to file an appeal, and to provide Petitioner with a copy of a sentencing memo.  (Pet'r Aff. ¶ 9-10.)  Finally, Petitioner also claims his attorney was aware of a discrepancy between the sentence imposed upon his co-defendant and his own,

and "never objected." (Id. ¶¶ 11-12.)[2]

## II. WAIVER OF MOTION IN PLEA AGREEMENT

### A. STANDARD OF REVIEW

While defendants have a right to appeal, that right, as well as other rights and privileges afforded to criminal defendants, can be waived. United States v. Khattak, 273 F.3d 557, 561 (3d Cir. 2001) (citing United States v. Mezzanatto, 513 U.S. 196, 201 (1995); see also Peretz v. United States, 501 U.S. 923, 936 (1991) ("The most basic rights of criminal defendants are . . . subject to waiver.")). "It is well settled that plea bargaining does not violate the Constitution even though a guilty plea waives important constitutional rights." Newton v. Rumery, 480 U.S. 386, 393 (1987). In his plea agreement, Petitioner expressly waived his right to file a motion under 28 U.S.C. § 2255. (Resp't's Ex. C at 3-4, 7-8 ¶11.)

The Third Circuit Court of Appeals has stated, "we will not exercise [our] jurisdiction to review the merits of [a defendant's] appeal if we conclude that she knowingly and voluntarily waived her right to appeal unless the result would work a miscarriage of justice." U.S. v. Shedrick, 493 F.3d 292, 297 (3d Cir. 2007). "In short, we have jurisdiction over this case, but will generally not exercise it absent compelling reasons." Id. If the waiver is valid and enforceable, a court cannot grant habeas relief "without making a mockery of the waiver [Defendant] signed." U.S. v. Robinson, 244 F. App'x 501, 503 (3d Cir. 2007). The Third Circuit has "joined the courts of appeals for ten other circuits and held that '[w]aivers of appeal, if entered into knowingly and voluntarily, are valid, unless they work a miscarriage of justice.'"

---

[2] Parenthetically, Petitioner alleges that his attorney attempted to charge him a fee of $5,000.00 for legal services to clear a warrant in Florida. (Id. ¶ 13.) It is questionable whether this claim is sufficiently related to the facts of this case to be included in this § 2255 motion.

Shedrick, 493 F.3d at 297 (quoting Khattak, 273 F.3d 557, 563).

The Supreme Court summarized the "miscarriage of justice" or "actual innocence" standard in Sawyer v. Whitley, 505 U.S. 333, 339 (1992), as it was defined in three 1986 decisions.  In Kuhlmann v. Wilson, 477 U.S. 436, 448 (1986), the Court explained that "the [miscarriage of justice] exception developed from the language of the federal habeas statute, which, prior to 1966, allowed successive claims to be denied without a hearing if the judge were 'satisfied that the ends of justice will not be served by such inquiry.'" The Court further held that "despite the removal of this statutory language from 28 U. S. C. § 2244(b) in 1966, the miscarriage of justice exception would allow successive claims to be heard if the petitioner 'establishes that under the probative evidence he has a colorable claim of factual innocence.'" Id. at 454.  The Sawyer Court further explained that "the actual innocence exception also applies to procedurally defaulted claims."  505 U.S. at 339.  "In order to support a 'miscarriage of justice' exception the petitioner is required to show that 'a constitutional violation has probably resulted in the conviction of one who is actually innocent.'"  Schlup v. Delo, 513 U.S. 298, 327 (1995).

**B. ANALYSIS**

Petitioner signed a plea agreement stating that he agreed to "waive certain rights of appeal, collateral attack, writ or motion after sentencing," including, specifically, a "motion under 28 U.S.C. § 2255."  (Resp't Ex. C at 3-4.)  The agreement states further that Petitioner "knows that he has and . . . voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including[,] but not limited to . . . a motion under 28 U.S.C. § 2255, which challenges the sentence imposed . . . if that sentence falls within or below the Guidelines

4

range." (Id. at 7.) Petitioner's sentence of 27 months incarceration fell below the guidelines range of 37-46 months. (Resp't's Br. 2.) This sentence satisfies the condition in the waiver stipulation, and therefore any right to challenge this sentence under § 2255 is waived.[3] There is nothing in the record to suggest this waiver was not agreed to knowingly and voluntarily.

Likewise, Petitioner does not allege any miscarriage of justice that would result from enforcing the waiver. Petitioner makes no showing as to any claim of actual innocence. Therefore, enforcement of the waiver does not constitute a miscarriage of justice under all applicable precedent. See, supra.

Finally, even if this Court were to review the motion on its merits, the result would be no different. Strickland v. Washington, 466 U.S. 668 (1984) sets forth a two-part test for ineffective counsel claims. Id. at 688. To succeed on an ineffective counsel claim, a defendant must show that counsel's performance was deficient, and the deficient performance prejudiced the defense. Id. Because a defendant must make both showings, a claim of ineffective counsel fails to rise to the level of a constitutional violation if the petitioner cannot show that the deficient performance prejudiced the defense. Even if all of Petitioner's claims were true in the instant case, none of the alleged deficiencies had any prejudicial impact whatsoever on Petitioner's defense.[4]

---

[3] The waiver stipulation required that no appeal by Petitioner would be permitted if the actual sentence fell at or below the guideline range of 37 to 46 months. (Resp't's Ex. C at 7 ¶11.)

[4] Plaintiff alleges several omissions and acts in support of his claim of ineffective assistance of counsel. Each of these acts or omissions materialized after Petitioner's conviction and sentencing, and, thus, could not have affected Petitioner's sentence. Even if Petitioner's attorney did fail to respond to letters dating back to March of 2007, to file an appeal, or to answer Petitioner's post-sentencing request for a copy of a sentencing memo, or if he attempted to

### III. CONCLUSION

For the reasons set forth above, this Court finds that Petitioner waived his right to challenge his sentence under 28 U.S.C. § 2255.  Petitioner's motion is denied.

    S/Joseph A. Greenaway, Jr.
    JOSEPH A. GREENAWAY, JR., U.S.D.J.

Date:  July 21, 2009

---

charge Petitioner $5,000 to clear the Florida warrant, none of these could have had any pre-sentence effect.  Further, Petitioner's attorney's failure to file an appeal was not deficient, because Petitioner had waived his right to appeal.  Additionally, Petitioner alleges no facts that would tend to establish that any disparity between his sentence and any other co-defendant's was a result of ineffective counsel.  Parenthetically, 28 U.S.C. § 3553(a)(6) requires the court to consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct."  See Simpson v. United States, 342 F.2d 643, 645 (7th Cir. 1965) ("[T]he presumption is that the court acted reasonably, and that the movant in a Sec. 2255 proceeding must make allegations at least indicating some unreasonable basis for the disparity of sentences.").  Here, Petitioner merely states the disparity as evidence of ineffective counsel, and makes no allegation of an unreasonable basis for the disparity.  Finally, Petitioner argues that had his attorney addressed his medical history and addictions, he would have been sent to a facility with a drug and alcohol rehabilitation program.  This argument fails, however, because neither Petitioner's counsel nor this Court have any authority to place Petitioner in such a program.  Only the Bureau of Prisons determines the facility where a convicted party serves their sentence.  18 U.S.C. §§ 3585, 3621, and 3624.